IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOPE GOFTON and ADAM KIMBREL, on behalf of themselves and others similarly situated, | CIVIL ACTION |
| Plaintiffs, | FILED ELECTRONICALLY ON OCTOBER 2, 2020 |
| v. | CLASS/COLLECTIVE ACTION |
| KFORCE, INC., | |
| Defendant. | JURY TRIAL DEMANDED |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Hope Gofton ("Grofton") and Adam Kimbrel ("Kimbrel") (together "Plaintiffs"), on behalf of themselves and all other persons similarly situated, known and unknown, file this Complaint against KForce, Inc. ("Defendant"), and in support they state as follows:

## NATURE OF THE LAWSUIT

1. Plaintiffs' claims against Defendant arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for Defendant's failure to pay Plaintiffs and other similarly situated employees overtime wages.

2. Plaintiffs also bring a claim against Defendant under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.,* for Defendant's failure to pay them and other similarly situated employees overtime wages.

3. Defendant is a professional staffing agency that provides staffing services to its clients.

4. Plaintiffs worked for Defendant as recruiters and held the following job titles: Talent Acquisition Specialist; Talent Acquisition Recruiter; and Information Technology Recruiter (together "Recruiters").

5. Defendant paid Plaintiffs a salary.

6. In one or more workweeks during the last three years, Plaintiffs worked in excess of forty (40) hours.

7. Defendant classified Plaintiffs as exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in one or more individual workweeks.

8. Defendant misclassified Plaintiffs as exempt from state and federal overtime laws.

9. Plaintiffs bring their FLSA claims as a collective action. Plaintiffs' consent forms are attached hereto as Exhibit A.

10. Plaintiffs bring their PMWA claims as a class action under Fed. R. Civ. P. 23.

## PARTIES

11. Gofton is a resident of Philadelphia, Pennsylvania.

12. Kimbrel is a resident of Conshohocken, Pennsylvania.

13. Defendant is a corporation organized and existing under Florida law.

14. Defendant maintains its corporate headquarters in Tampa, Florida.

15. Defendant conducts business throughout the United States and has offices in Arizona, California, Colorado, Connecticut, Florida, Georgia, Illinois, Kansas, Kentucky, Maryland, Massachusetts, Michigan, Missouri, North Carolina, New York, Ohio, Oregon, Pennsylvania, Texas, Utah, Virginia, Washington and Wisconsin.

16. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1) and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of the FLSA. 29 U.S.C. § 203(s)(1)(A).

17. At all times relevant hereto, Defendant's annual dollar volume of business has exceeded five hundred thousand dollars ($500,000.00) per year.

18. Gofton was employed by Defendant as a Talent Acquisition Specialist from approximately July 2018 to December 2019.

19. Gofton worked out of Defendant's Philadelphia and King of Prussia, Pennsylvania offices.

20. Kimbrel was employed by Defendant as a Talent Acquisition Specialist from approximately January 2018 until August 2019.

21. Kimbrel worked out of Defendant's Philadelphia and King of Prussia, Pennsylvania offices.

22. During the relevant periods, Plaintiffs were Defendant's "employees" as defined by the FLSA, 29 U.S.C. § 203(e)(1), and the PMWA, 43 P.S. § 333.103(h).

23. At all times relevant hereto, Defendant has been Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the PMWA, 43 P.S. § 333.103(g).

## JURISDICTION AND VENUE

24. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action is brought under the FLSA, 29 U.S.C. § 201, *et seq*.

25. This Court has supplemental jurisdiction over Plaintiffs' PMWA claims pursuant to 28 U.S.C. § 1367.

26. Venue is proper in this judicial district because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district and Defendant conducts sufficient business within the forum state as to constitute a submission to its laws. 28 U.S.C. § 1391(b).

## FACTS

27. Defendant employs Account Managers who are responsible for working directly with Defendant's clients. Account Managers obtain all of the information regarding the position

3

that a client is trying to fill. Clients advise Account Managers of the specific credentials and qualifications required of a candidate. Account Managers in turn provide this information to Talent Acquisition Managers and Recruiting Managers.

28. Defendant's Talent Acquisition Managers and Recruiting Managers supervise Recruiters and inform Recruiters of a client's hiring needs.

29. Recruiters are required to follow specific protocols to find candidates who were qualified for open positions. Recruiters were primarily responsible for searching employment databases, including Indeed, Monster, LinkedIn, Careerbuilder, and Defendant's internal system RecruitMax, to assemble a list of names of potential candidates. Recruiters then contact these potential candidates to see if they meet the qualifications set by Defendant's clients and are interested in the open position.

30. Recruiters identify the names of candidates who meet the requirements for an open position to Defendant's Account Managers.

31. Account Managers have the full and ultimate authority to decide which candidates will be presented to Defendant's clients.

32. Recruiters do not have decision making authority.

33. Recruiters are not permitted to create or use their own recruiting strategies.

34. Recruiters are required to screen candidates according to Defendant's processes and procedures.

35. Due to Defendant's productivity demands, Plaintiffs and other Recruiters would routinely arrive to work at or earlier than 8:00 a.m. and stay past 5:00 p.m. They would also regularly work from home and on weekends.

36. Plaintiffs and other Recruiters routinely worked more than fifty (50) hours each week. Working overtime was integral to their employment.

37. Defendant did not compensate Plaintiffs or other Recruiters for working overtime. Plaintiffs and other Recruiters were paid the same regular salary regardless of how many hours they worked each week.

## FLSA COLLECTIVE ACTION ALLEGATIONS

38. Pursuant to the FLSA, Plaintiffs commence this collective action against Defendant on behalf of themselves and those similarly situated. The proposed FLSA collective is defined as:

> All persons employed by Defendant in the last three years as salaried Talent Acquisition Specialists, Talent Acquisition Recruiters, Information Technology Recruiters and MSP Recruiters who were classified as exempt.

39. Plaintiffs are similarly situated to members of the FLSA collective because they were paid in the same manner and performed the same primary job duties.

40. In the last three years, Defendant employed individuals who performed the same primary job duties as Plaintiffs.

41. Of Defendant's employees who performed the same primary job duties as Plaintiffs in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

42. Of employees classified as exempt who performed the same primary job duties as Plaintiffs in the last three years, some or all worked over 40 hours in one or more individual workweeks.

43. Defendant has the names and addresses for individuals who are eligible to join the FLSA collective.

44. Members of the FLSA collective would benefit from the issuance of court-supervised notice, granting them the opportunity to join this lawsuit.

## RULE 23 CLASS ACTION ALLEGATIONS

45. Pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of themselves and other current and former employees. The proposed class is defined as:

> All individuals employed by Defendant as salaried Talent Acquisition Specialists, Talent Acquisition Recruiters, Information Technology Recruiters, MSP Recruiters, or in other positions with similar job duties, in Pennsylvania at any time within three (3) years prior to the filing date of this action through the date of final disposition and who were classified as exempt under the PMWA.

46. The proposed Pennsylvania class is so numerous that joinder of all members is impracticable. During the relevant period, Defendant employed hundreds of Recruiters in the state of Pennsylvania.

47. Plaintiffs' claims are typical of the members of the proposed Pennsylvania class. Plaintiffs members of the proposed Pennsylvania class regularly worked more than forty (40) hours per week and were denied overtime compensation. Each member of the class was paid a salary that remained unchanged, regardless of the number of hours they worked each week. As a result, each and every class member suffered the same harm.

48. Each class member's claim is controlled by Pennsylvania's wage and hour statutory scheme and one set of facts. Pursuant Fed. R. Civ. P. 23(b)(3), questions of law and fact are common to the class and predominate over any individual questions. Such common questions of law and fact include, but are not limited to, whether the Rule 23 Class is similarly situated because they all performed the same basic duties and were subject to Defendant's common policy and practice of not paying them overtime; and whether Defendant violated the PMWA by failing to

pay Plaintiffs and the class overtime compensation for hours worked in excess of forty (40) hours per workweek.

49. Pursuant to Fed. R. Civ. P. 23(b)(1)(A), a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources and incentives to prosecute separate lawsuits against their employer. The damages suffered by the individual class members are small compared to the expense and burden of individual prosecutions of this litigation. Prosecuting hundreds of identical, individual lawsuits would not promote judicial efficiency or equity, nor necessarily give consistent results. Class certification will eliminate the need for duplicate litigation.

50. Pursuant to Fed. R. Civ. P. 23(b)(2), Defendant has acted, or has refused to act, on grounds generally applicable to the Rule 23 class, thereby making appropriate final injunctive relief, or corresponding declaratory relief, with respect to the class as a whole.

51. Plaintiffs will fully and adequately protect the interests of the class. Plaintiffs seek the same recovery as the class, predicated upon the same violations of law and the same damage theory. Plaintiffs have retained counsel who are qualified and experienced in the prosecution of statewide wage and hour class actions. Neither Plaintiffs nor their counsel have interests that are contrary to, or conflicting with, the interests of the class.

## **COUNT I – FLSA**

52. This count arises from Defendant's violation of the FLSA by failing to pay overtime wages to Plaintiffs and other similarly situated employees when they worked over 40 hours in individual workweeks.

53. Plaintiffs were not exempt from the overtime provisions of the FLSA.

54. Other members of the FLSA Collective were not exempt from the overtime provisions of the FLSA.

55. Plaintiffs were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

56. Other members of the FLSA Collective were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

57. Defendant paid Plaintiffs a salary and no overtime compensation.

58. Defendant paid other members of the FLSA Collective a salary and no overtime compensation.

59. Defendant violated the FLSA by failing to pay overtime to Plaintiffs at one-and-one-half times their regular rate of pay when they worked over 40 hours in one or more individual workweeks.

60. Defendant violated the FLSA by failing to pay overtime to other members of the FLSA Collective at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

61. Defendant's failure to pay Plaintiffs and other similarly situated persons one-and-one-half times their regular rate for all time worked over 40 hours in a workweek was willful.

### Count II – PMWA

62. This count arises from Defendant's violation of the PMWA by failing to pay overtime wages to Plaintiffs and other similarly situated employees when they worked over 40 hours in individual workweeks.

63. Plaintiffs were not exempt from the overtime provisions of the PMWA.

64. Other members of the Pennsylvania class were not exempt from the overtime provisions of the PMWA.

65. Plaintiffs were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

66. Other members of the Pennsylvania class were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

67. Defendant paid Plaintiffs a salary and no overtime compensation.

68. Defendant paid other members of the Pennsylvania class a salary and no overtime compensation.

69. Defendant violated the PMWA by failing to pay overtime to Plaintiffs at one-and-one-half times their regular rate of pay when they worked over 40 hours in one or more individual workweeks.

70. Defendant violated the PMWA by failing to pay overtime to other members of the Pennsylvania class at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and others similarly situated, pray for the following relief:

A. Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated;

B. Pursuant to 29 U.S.C. § 216(b), prompt issuance of notice to all those similarly situated, apprising them of the pendency of this action and permitting them to assert timely FLSA claims by filing individual consent forms;

C. Designation of this action as a class action on behalf of Plaintiffs and all members of the proposed Pennsylvania class;

D. Judgment against Defendant for its failure to pay Plaintiffs and those similarly situated in accordance with the standards set forth by the FLSA and Pennsylvania state law;

E. Judgment that Defendant's violations were willful;

F. An award against Defendant for the amount of unpaid overtime wages owed, calculated at a rate that is not less than one-and-a-half (1.5) times Plaintiffs' regular hourly rate for all overtime hours worked, to Plaintiffs and those similarly situated;

G. An award of liquidated damages equal to the total amounts of unpaid wages owed to Plaintiffs and those similarly situated;

H. An award of prejudgment interest to the extent liquidated damages are not awarded;

I. Pursuant to 29 U.S.C. § 216 and/or 43 P.S. § 333.113, an award of reasonable attorneys' fees and all costs to be satisfied in full by Defendant; and

J. All further relief deemed just and equitable by the Court.

## JURY DEMAND

Plaintiffs demand a jury trial.

Respectfully submitted,

Benjamin L. Davis, III*
bdavis@nicholllaw.com
Kelly A. Burgy*
kaburgy@nicholllaw.com
**The Law Offices of Peter T. Nicholl**
36 South Charles Street, Suite 1700
Baltimore, Maryland 21201
Phone No.: (410) 244-7005
Fax No.: (410) 244-8454

Douglas M. Werman*
dwerman@flsalaw.com
Maureen A. Salas*
msalas@flsalaw.com
**Werman Salas P.C.**
77 West Washington Street, Suite 1402

10

Chicago, Illinois 60602
Phone No.: (312) 419-1008
Fax No.: (312) 419-1025

*[signature]*

_____
Peter Winebrake
pwinebrake@winebrakelaw.com
Winebrake & Santillo, LLC
**Winebrake & Santillo, LLC**
715 Twining Road, Suite 211
Dresher, PA  19025
Phone No.: (215) 884-2491
Fax No.: (215) 884-2492

*Attorneys for Plaintiffs and the Putative FLSA Collective Class*

\**Pro Hac Vice* Admission Anticipated

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by <u>Kforce, Inc.</u> and/or their parents, subsidiaries, and affiliated entities within the past three (3) years, that I have worked in excess of forty (40) hours during an individual workweek for the Defendant/s, and that I have not been paid all wages owed to me pursuant to 29 U.S.C. § 201, *et. seq.*  I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

*Hope Gofton*                                    6/23/2020
_____          _____
Signature                                                Date


Hope Gofton
_____
Name of Party Plaintiff          (*Please print your name legibly*)

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by __Kforce, Inc.__ and/or their parents, subsidiaries, and affiliated entities within the past three (3) years, that I have worked in excess of forty (40) hours during an individual workweek for the Defendant/s, and that I have not been paid all wages owed to me pursuant to 29 U.S.C. § 201, *et. seq.* I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

*Adam Kimbrel*                                              8/20/2020
_____          _____
Signature                                                                   Date


Adam Kimbrel
_____
Name of Party Plaintiff         (*Please print your name legibly*)